# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:09cv124

| | |
|---|---|
| **TERRIE H. DAVIS,** | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **O R D E R**<br>) |
| **MICHAEL J. ASTRUE**[1]**,**<br>**UNITED STATES COMMISSIONER**<br>**OF SOCIAL SECURITY,** | )<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** comes before the Court upon the Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. 2], supported by an Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2-2], filed March 27, 2009.

By the instant Motion, the Plaintiff, who is represented by counsel, seeks to proceed with her claim against the Defendant without having to prepay the costs associated with bringing such action. In the Plaintiff's

---

[1] Both the Plaintiff's Petition for Judicial Review [Doc. 1] and Motion to Proceed *In Forma Pauperis* [Doc. 2] erroneously identify the Commissioner of Social Security as "Michael J. Alstrue."

Application, which is submitted in support of the Plaintiff's Motion, the Plaintiff states under penalty of perjury that she is not employed; that she does not receive income from any sources; that she has no cash or bank accounts; and that she does not own any property of value. She further states that there are two people, Faith Davis and Sedic Davis, who are dependent on her for support, but she does not list her relationship with either person, nor does she indicate how much she contributes to their support. The Plaintiff also states that she has no payments, regular monthly expenses or other debts or financial obligations; however, she fails to explain to the Court exactly how she is able to support herself or her dependents without any income. [Doc. 2-2].

According to the Plaintiff's Motion, which was filed by her attorney, the Plaintiff has been disabled and unable to work since 2003, and she relies upon her children and other family members to provide her living expenses. The Plaintiff's Motion further states that the Plaintiff has qualified for food stamps, and that the Plaintiff does not have sufficient resources to pay the filing fee or the other costs associated with this action. [Doc. 2]. These representations, however, are unsworn and thus cannot be considered in determining whether the Plaintiff has the resources to pay the costs

associated with this action.  See 28 U.S.C. § 1915(a)(1) (requiring that evidence presented in a petition to proceed *in forma pauperis* be made on affidavit).

Based upon the foregoing, the Court cannot determine whether the Plaintiff, in fact, lacks the resources from which to pay the $350.00 filing fee. For this reason, the Court will allow the Plaintiff a very short additional period within which to file with the Court such additional evidence, *in a form that is in accord with 28 U.S.C. § 1915(a)(1),* that the Plaintiff may wish for the Court to consider.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff is allowed through and including **April 6, 2009** to file such additional evidence, in a form that is in accord with 28 U.S.C. § 1915(a)(1), that the Plaintiff may desire for the Court to consider with respect to her Motion.  Failure to file any further evidence in the proper form will result in the Plaintiff's Motion being denied.

**IT IS SO ORDERED**.

Signed: March 30, 2009

Martin Reidinger
United States District Judge